Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**PETER L. BOYLES**
Rhame & Elwood
Portage, Indiana



FILED
Jun 18 2012, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INDIANA STATE POLICE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  45A04-1110-MI-568 |
| | ) | |
| EARNEST HOWARD, JR. | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
The Honorable Robert G. Vann, Magistrate
Cause No. 45C01-1007-MI-85

**June 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Earnest Howard's handgun license was revoked following an administrative hearing.[1] Howard filed a petition for judicial review with the trial court and, ultimately, moved to overturn the administrative decision. The trial court granted Howard's motion and overturned the administrative decision. The Indiana State Police raise two issues for our review, one of which we find dispositive: whether the trial court abused its discretion by denying the Indiana State Police's motion to dismiss Howard's petition. Concluding the trial court did abuse its discretion, we reverse the trial court's order overturning the administrative decision.

Facts and Procedural History

In April 2010, the Indiana State Police conducted an administrative hearing to determine whether Howard's handgun permit should be revoked. The administrative law judge ("ALJ") issued a final decision in June 2010, making findings of fact and determining Howard "is not a proper person to be licensed to carry a handgun under I.C. 35-47-1-7(3). Therefore, his license to carry a handgun should be revoked." Appendix to Brief of Appellant at 64.

Thereafter, Howard appealed the ALJ's determination by filing a petition for judicial review on July 15, 2010. The summons and petition were served by certified mail on the Indiana State Police and Indiana Attorney General on August 25, 2010. On September 17, 2010, the Indiana State Police moved to dismiss Howard's petition, arguing Howard did not

---

[1] Indiana Code section 35-47-2-5(a) grants authority to the Superintendent of the Indiana State Police to suspend or revoke a handgun license "if he has reasonable grounds to believe that the person's license

timely file an agency record or motion for extension of time. On September 24, 2010, Howard filed a petition for extension of time, arguing confusion at the clerk's office led to late service of the petition and created good cause for an extension. The trial court granted Howard's petition for extension of time. On November 1, 2010, Howard filed the agency record. After a hearing on the Indiana State Police's motion to dismiss, the trial court denied the motion on November 29, 2010. On May 9, 2011, Howard filed a motion to overturn the administrative decision. In September 2011, the trial court granted Howard's motion and overturned the ALJ's decision. The Indiana State Police now appeal.

## Discussion and Decision

"We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record." Ind. Family & Soc. Servs. Admin. v. Meyer, 927 N.E.2d 367, 370 (Ind. 2010) (citing Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove #29, 847 N.E.2d 924, 926 (Ind. 2006)). Indiana Code section 4-21.5-5-13 provides:

> (a) Within thirty (30) days after the filing of the petition [for judicial review], or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:
> (1) any agency documents expressing the agency action;
> (2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and
> (3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time period permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any

should be suspended or revoked."

extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

* * *

Our supreme court recently addressed the time requirement this statute imposes. In Meyer, Alice Meyer formed a trust for the benefit of her descendants and gave the trust a remainder interest in her family farm. 927 N.E.2d at 368. When Meyer applied for Medicaid, the Indiana Family and Social Services Administration ("FSSA") denied her request. The denial was, among other factors, based on Meyer's transfer of the farm to the trust rather than liquidating it and using the proceeds to support herself. Meyer sought a hearing before an ALJ. After a hearing, the ALJ valued the farm at $210,000. Meyer's trust requested review of the ALJ's decision, arguing the value of the remainder interest was approximately $104,000, not the full $210,000 value of the farm.

The FSSA affirmed the ALJ's decision on November 13, 2006. On December 8, 2006, the trust filed a petition for judicial review. On January 5, 2007, the trust filed a request for the agency to prepare the record, and filed a request with the trial court for a sixty-day extension to submit the record, which the trial court granted, setting March 5, 2007, as the due date. However, the trust did not file the agency record or otherwise request further extension by March 5, and on April 12, the FSSA moved to dismiss the petition. On April 18, the trust responded and requested permission to file a belated agency record. The trial court granted the trust's request. The FSSA appealed, arguing it was improper for the trial court to deny its motion to dismiss.

Our supreme court agreed, stating:

4

We believe [Indiana Code section 4-21.5-5-13] is clear. The statute places on the petitioner the responsibility to file the agency record timely. Although the statute allows a petitioner to seek extensions of time from the trial court, and requires that extensions be granted if the petitioner demonstrates "good cause" for a delay in filing the record, the statute does not excuse untimely filing or allow nunc pro tunc extensions. . . . In short, the statute acknowledges possible difficulties in preparing and submitting the agency record, but places the burden on the petitioner to file or seek an extension within the statutory period or any extension.

Id. at 370-71. In summary, the supreme court concluded, "[w]e hold that a trial court has no authority to grant an extension of time to file the record in a petition for review of an administrative agency action . . . if the record is not filed within the required statutory period or any authorized extension of this period." Id. at 368.

Howard does not address Meyer. Rather, he argues the statute gives trial courts the discretion to dismiss petitions when agency records are untimely filed, but does not require trial courts to dismiss such untimely petitions. Pursuant to Meyer, this is incorrect. Howard also asserts that the trial court found good cause for which to grant Howard an extension and that the trial court found Howard did in fact timely file a request for an extension of time. He is correct that the trial court found that his request for an extension of time was timely; however, such finding was in error. Howard filed his petition for judicial review of the administrative decision on July 15, 2010, and did not file a petition for extension of time until September 24, 2010. This is well beyond the thirty day time period allotted by Indiana Code section 4-21.5-5-13(a), and, as our supreme court stated in Meyer, the statute does not allow nunc pro tunc extensions. We therefore need not consider whether Howard's delay in filing the agency record was for good cause because even if it was, the statute requires a petitioner

5

to request an extension of time within the thirty day period if the agency record cannot be filed within the thirty day period, even where the delay in filing the record is for good cause. Indiana State Police's motion to dismiss should have been granted, and we therefore reverse the trial court's order overturning the administrative decision.

## Conclusion

The trial court erred in granting Howard an extension of time and denying the Indiana State Police's motion to dismiss the petition. We therefore reverse the trial court's order overturning the administrative decision, and the ALJ's decision is reinstated.

Reversed.

BAILEY, J., and MATHIAS, J., concur.