**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:
**A. DOUGLAS STEPHENS**
Speedway, Indiana

PRO SE APPELLANTS:
**BARRY STERN**
**JUDY STERN**
Indianapolis, Indiana

ATTORNEYS FOR INTERVENOR:
**BRIAN J. TUOHY**
**JOHN J. MOORE**
Doninger Tuohy & Bailey, LLP
Indianapolis, Indiana



FILED
Mar 08 2013, 9:23 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GATEWAY WEST TOWNHOUSE ASSOCIATION, BARRY J. STERN and JUDY C. STERN, <br>     Appellants-Petitioners, <br><br> vs. <br><br> METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, <br>     Appellee-Respondent, <br><br> vs. <br><br> SF INDUSTRIAL PROPERTIES-INDIANAPOLIS, LLC, <br>     Appellee-Intervening Respondent | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 49A02-1208-MI-680 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1202-MI-4519

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Gateway West Townhouse Association ("the Association") and Barry J. and Judy C. Stern ("the Sterns") (collectively, "Gateway") appeal the trial court's dismissal of their petition for judicial review of a zoning variance the Metropolitan Planning Commission of Marion County ("the Commission") granted to SF Industrial Properties – Indianapolis, LLC ("SF Industrial").

We affirm.

## Issue

Gateway presents several issues for our review. We reframe these as whether the trial court erred when it dismissed Gateway's petition for judicial review of the Commission's zoning decisions because:

I. Gateway received an extension of time to submit the Commission's record;

II. Gateway's submission of materials provided a sufficient record upon which the trial court could conduct judicial review; and

III. The trial court prematurely granted SF Industrial's motion to dismiss before the expiration of a fifteen-day response period provided by local court rules.

## Facts and Procedural History

The Sterns own townhouses that are part of a neighborhood near 38th Street and I-465 on the northwest side of Indianapolis. The Sterns, as well as other residents in the same area, are members of the Association. Many of the townhouses, including those owned by the Sterns, are located within one mile of a lot that held a big-box home improvement retail store ("the lot"). The store closed in 2010, and the lot remained vacant for some time afterward.

On September 20, 2011, SF Industrial sought rezoning of the lot to allow the operation of a business that would store and distribute portable storage containers for customers who required temporary storage of goods. SF Industrial also sought a variance to permit stacking of the portable containers above the top of a ten-foot fence on part of the property.

On September 28, 2011, David Hittle ("Hittle"), a member of the Commission's staff, informed SF Industrial that the staff was concerned that certain of SF Industrial's proposed uses would best conform to a different zoning classification than that requested in its petition. Hittle indicated that if SF Industrial amended its petitions to reflect that change, there would be no requirement to re-advertise the contents of the petition. SF Industrial amended its petitions on November 18, 2011.

The Commission's staff recommended that the Commission approve the requests in the amended petitions. The Commission approved the amended petitions on January 18, 2012. The Commission's ordinance was referred to the Indianapolis-Marion County City-County Council for review on February 1, 2011. The Counsel did not schedule a hearing on the ordinance reflecting SF Industrial's requested zoning changes, and the ordinance was

thus deemed adopted by the Council.

On February 3, 2012, Gateway filed a petition in Marion Superior Court No. 5 for judicial review of the Commission's approval of SF Industrial's amended petitions. On February 6, 2012, the trial court entered an order requiring the Commission to show cause no later than 9 a.m. on April 4, 2012, as to why judicial review should not move forward on Gateway's petition. The order further instructed the Commission to identify those portions of its record of proceedings that would be relevant to Gateway's petition for review.[1]

On March 7, 2012, SF Industrial moved to intervene in the case, and further moved to transfer the case from Marion Superior Court No. 5 to Marion Superior Court No. 7. SF Industrial was granted status as an intervenor, and on March 13, 2012, the matter was transferred from Marion Superior Court No. 5 to Marion Superior Court No. 7.

On April 3, 2012, SF Industrial filed a motion to dismiss Gateway's petition ("first motion to dismiss"), which addressed the merits of Gateway's petition.

On June 8, 2012, the trial court conducted a hearing on the first motion to dismiss. The same day, SF Industrial filed a second motion to dismiss. The second motion contended that the trial court lacked jurisdiction to hear Gateway's petition for judicial review because Gateway had not complied with the requirements of Indiana Code section 36-7-4-1613 for timely submission of the Commission's record. During the hearing, the trial court heard argument on both motions to dismiss. At the conclusion of the hearing, the trial court took

---

[1] This order appears intended to conform to the requirements of a now-repealed provision of our statutes, Indiana Code section 36-7-4-1006 (West 2006), repealed by P.L. 126-2011, sec. 68, which required trial courts to order the Commission to show cause as to why a writ of certiorari should not issue in the course of a petition challenging a zoning decision.

SF Industrial's motions under advisement, and later that day ordered Gateway's petition dismissed.

On June 12, 2012, several days after the trial court dismissed the case, Gateway filed a response to the second motion to dismiss. On July 9, 2012, Gateway filed a motion to correct error, which the trial court denied on July 27, 2012.

This appeal ensued.

**Discussion and Decision**

Standard of Review

In its petition for judicial review and again on appeal, Gateway raises several due process-related challenges to the Commission's grant of SF Industrial's petitions for rezoning and a variance. We think the dispositive issue, however, is whether the trial court erred when it dismissed Gateway's petition for review in light of Gateway's failure to provide a record.

When reviewing a trial court's order dismissing a petition for judicial review on jurisdictional grounds, our standard of review:

> [D]epends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind. 2001). We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or … the court rules on a paper record. Id.

Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006). Here, only a paper record and argument of counsel were presented to the trial court. We therefore review de novo the trial court's order dismissing Gateway's petition challenging the Commission's decision.

5

<u>Timely Filing of the Commission's Record</u>

Judicial review of a decision by the Commission is governed by Indiana Code section 36-7-4-1 <u>et seq.</u>, which applies to the decisions of "the department of metropolitan development of the consolidated city," I.C. § 36-7-4-202, a definition that includes Indianapolis. The present judicial review provisions of these statutes were first enacted in 2011 and largely parallel the provisions of the Indiana Administrative Orders and Proceedings Act ("AOPA"). <u>Compare</u> I.C. § 36-7-4-1601 <u>et seq.</u>, <u>with</u> I.C. § 4-21.5-5-1 <u>et seq.</u> Under the statutes applicable to the Commission and judicial review of its decisions, a petitioner must challenge the Commission's decision "not later than thirty (30) days after the date of the zoning decision that is the subject of the petition for judicial review." I.C. § 36-7-4-1605. The statutes go on to provide:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court, the petitioner shall transmit to the court the original or a certified copy of the board record for judicial review of the zoning decision, consisting of:
>
> > (1) any board documents expressing the decision;
> >
> > (2) other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision; and
> >
> > (3) any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section.
>
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible board within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

(c) Upon a written request by the petitioner, the board making the zoning decision being reviewed shall prepare the board record for the petitioner….

I.C. § 36-7-4-1613.

A party challenging the validity of a zoning decision bears the burden of proof.  I.C. § 36-7-4-1614(a).  Relief may be granted only where the court determines that the challenger has been prejudiced by a zoning decision that is:

1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence.

I.C. § 36-7-4-1614(d).

Judicial review of a zoning board decision under these statutes is limited "to the board record for the zoning decision."  I.C. 36-7-4-1611.  A petitioner may introduce to the court evidence beyond that presented to the zoning board only where the evidence "relates to the validity of the zoning decision at the time the decision was made and is needed to decide disputed issues" as to the constitution or membership of the board or as to lawfulness of the proceedings or the decision-making process itself.  I.C. § 36-7-4-1612(a).  However, even in those circumstances, any additional evidence a challenger seeks to introduce must be of a sort that "could not, by due diligence, have been discovered and raised in the board proceeding giving rise to a proceeding for judicial review."  Id.  Further, issues not previously raised

7

before the zoning board may only be raised during judicial review where the issue raised concerns whether there was substantial compliance with notice requirements, or where an issue arises concerning a change in controlling law after the board's zoning decision has been made. I.C. § 36-7-4-1610.

Finally, the judicial review statutes provide that "only a person who qualifies under" the provisions concerning standing, exhaustion of administrative remedies, timely filing of a petition for review, and timely filing of the Commission's record is entitled to judicial review of a zoning decision. I.C. § 36-7-4-1602(b)(4). Our supreme court has held that failure to comply with provisions in AOPA, the wording of which are nearly identical to Sections 36-7-4-1602 and 36-7-4-1613, is "jurisdictional" to the extent that failure to comply with the statutory requirements for filing the record precludes a court from considering a particular petition for review from an administrative agency decision. See Wayne Cnty., 847 N.E.2d at 926 (interpreting I.C. § 4-21.5-5-13 and identifying filing the agency record as "a statutory prerequisite to the docketing of an appeal in the Tax Court"). In a case interpreting the AOPA analog to section 36-7-4-1613, the Indiana Supreme Court also observed that the statute "places on the petitioner the responsibility to file the agency record timely," does not allow for extension of time absent good cause, and "does not excuse untimely filing or allow nunc pro tunc extensions." Ind. Family & Soc. Servs. Admin. v. Meyer, 927 N.E.2d 367, 370 (Ind. 2010).

SL Industrial argues that Gateway failed to comply with the requirements for timely filing of the Commission's record with the trial court and that, as a result, the trial court

correctly dismissed Gateway's petition for judicial review. Gateway responds that the trial court's show cause order amounts to an extension of the time required for filing of the Commission's record.

Gateway's argument fails for three reasons. First, the statutes at issue here provide that it is a petitioner's duty (here, Gateway) to obtain and submit the Commission's record. Gateway did not do so, and makes no argument that the Commission or SL Industrial were obligated to step into the breach. Second, the trial court entered no finding of good cause, which is a statutory requisite to the grant of an extension of time to obtain a copy of the record. Third, even assuming the show cause order extended the time available to Gateway to obtain and file the record, Gateway had failed to do so by the June 2012 hearing.

Here, Gateway filed its petition for judicial review on February 3, 2012, within the statutory time limit. Gateway did not, however, request a copy of the record from the Commission or submit the original record. This omission came in apparent reliance on the trial court's February 8, 2012 show cause order, which instructed the Commission to designate portions of the record pertinent to judicial review by April 4, 2012. This order apparently conformed to the required conduct of proceedings for judicial review prior to the legislature's 2011 adoption of the current statutory scheme. See supra, note 1. Counsel for the Association acknowledged as much in argument before the trial court, but argued that "we thought that [the pre-2011 procedure requiring petition respondents to show cause] was the best way to handle it." (Tr. at 27.)

Yet, as the trial court observed, the statutes enacted in 2011 governed Gateway's

9

petition for judicial review. Those statutes put the burden upon a petitioner to obtain and submit the Commission's record. Our review of the trial court's CCS does not reveal that Gateway ever filed a copy of the record or moved for an extension of time to obtain a copy of the record of the Commission proceedings, let alone that there was evidence to show good cause for the grant of an extension.[2] Thus, Gateway did not meet the statutory requirements for obtaining judicial review of the Commission's decision. Gateway's failure to comply with these requirements precluded the trial court from considering the challenge to the Commission's decision to grant SL Industrial's petition for a variance.

### Substantial Compliance under *Meyer*

Gateway goes on to argue that, noncompliance with the statutory requirements aside, there was a sufficient record before the trial court for judicial review of the Commission's decision to proceed. Gateway directs us to the Meyer case, supra, in support of its contention. But our supreme court in Meyer was evenly divided on whether an incomplete-but-sufficient record may satisfy the requirements of the AOPA statute that corresponds to Section 36-7-4-1613. Meyer, 927 N.E.2d at 371-73.

Yet, assuming without deciding that an incomplete record may amount to substantial compliance with the statutory requirements for providing a record for judicial review, we cannot agree with Gateway's claim that its submissions amount to that substantial compliance. Gateway's contentions on the merits of its due process claim in its petition for judicial review and on appeal are essentially factual in nature: Gateway claims that SL

---

[2] Indeed, that record is not provided to this Court upon appeal.

10

Industrial misrepresented the nature of its business to the Commission and, having done so, Gateway was deprived of due process in the form of notice as to the nature of the activities for which SL Industrial sought rezoning and a variance.

Yet Gateway submitted no record from the Commission to support the petition for judicial review. Rather, the petition makes a bald assertion that SL Industrial misrepresented its activities, and Gateway provided the trial court copies of SL Industrial's petitions to the Commission. To supplement these materials, Gateway submitted to the trial court affidavits with photographs and advertisements concerning the use of the lot for which SL Industrial had sought zoning changes. The affidavits and other items appear to have been located or produced after Gateway filed the petition. Gateway makes no argument that it could not have obtained some or all of these materials for the Commission's review, and without the Commission's record—the provision of which is Gateway's duty under the statute—we are unable to determine whether or how the Commission considered that evidence.

Simply put, these few materials provided to the trial court were not sufficient to allow judicial review of the Commission's findings concerning the nature of SL Industrial's business on the property, for they do not provide "'all that is necessary … to accurately assess the challenged agency [here, Commission] action.'" Meyer, 927 N.E.2d at 372 (quoting Izaak Walton League of Amer., Inc. v. DeKalb Cnty. Surveyor's Office, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006), trans. denied). Thus, even assuming the Meyer court's decision opens the door for judicial review of administrative and zoning decisions where an agency record has not been provided to the court—a conclusion we decline to reach today—

11

we cannot agree with Gateway's contention that its failure to provide a copy of the Commission's record on the zoning decision was unnecessary because there were sufficient additional materials to conduct judicial review.

<u>Compliance with Local Rules</u>

Finally, Gateway contends that even if the trial court's order of dismissal is not otherwise in error, nevertheless the order should not have been entered because the court failed to adhere to the timing provisions of Marion County Local Rule LR49-TR5-203.B. That rule provides that where one party has filed a motion to which another party in the litigation may object, the objecting party "shall have 15 days from the date of filing to file a response to said motion." Marion LR49-TR5-203.B.

Though the trial court granted SL Industrial's second motion before the close of the fifteen-day period specified by the rule, we find this of no event. That is because there was already a pending motion to dismiss when SL Industrial filed the second motion and because the judicial review statute at issue here provides that a trial court may <u>sua sponte</u> dismiss a petition for review where the petitioner has failed to timely submit a record of the Commission's proceedings relevant to the case. I.C. § 36-7-4-1613(b). Thus, any error in dismissing the petition prior to the close of the fifteen-day period provided for response by the local rule was harmless, and is thus not a basis for reversal of the trial court's order dismissing the case. <u>See</u> Ind. Trial Rule 61 (providing that errors that do not prejudice the substantial rights of a party will not support the reversal of judgment on appeal).

**Conclusion**

Gateway failed to timely submit the Commission's record to the trial court, and the trial court's show-cause order did not constitute an extension of time in which to do so. Assuming, without deciding, that failure to file a copy of the record may be excused where a party provides an incomplete-yet-sufficient record for review, Gateway's submissions failed to meet such a standard. The trial court's order dismissing Gateway's petition could properly be granted <u>sua sponte</u>, and thus the order's issuance prior to the local rule's specified fifteen-day response period is at most harmless error.

Affirmed.

VAIDIK, J., and BROWN, J., concur.