## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 25 2019, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

W. Erik Weber
Mefford, Weber and Blythe, P.C.
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lois A. Myers,

*Appellant-Petitioner*,

v.

Indiana Family and Social
Services Administration,

*Appellee-Respondent*.

July 25, 2019

Court of Appeals Case No.
19A-MI-8

Appeal from the DeKalb Superior
Court

The Honorable Monte L. Brown,
Judge

Trial Court Cause No.
17D02-1709-MI-72

**Brown, Judge.**

[1] Lois A. Myers appeals the dismissal of her petition for judicial review. We affirm.

## Facts and Procedural History

[2] In April 2017, the Indiana Family and Social Services Administration ("FSSA") notified Myers that it was taking action to revoke her child care home license. Myers requested a hearing. On June 28, 2017, an administrative law judge (the "ALJ") conducted a hearing. The ALJ issued a decision which included the following findings of fact:

> 8. On March 23, 2017, [Annette] Jones conducted a home inspection pursuant to [Myers's] license renewal. Mrs. Jones noted an altered CPR card for one staff member, Janet Ridge. The date of January 17, 2017 that was altered on the CPR card was the date the staff member supposedly took the CPR Training. There were no other issues discovered with the child care home during this inspection.
>
> 9. On April 17, 2017, DeKalb Health's American Heart Association Training Center Coordinator, Joyce Johnson, verified with Mrs. Jones that Janet Ridge did not complete CPR training with her on January 17, 2017 as indicated on Ms. Ridge's CPR card.
>
> 10. Ms. Johnson also verified that DeKalb Health had no record of Janet Ridge participating in CPR classes since June of 2016.
>
> 11. On April 20, 2017, [Myers] texted Mrs. Jones a picture of the front and back of the CPR card in question.
>
> 12. [Myers] admitted on record that she knew the CPR card had been altered when she texted it to Mrs. Jones; however, she gave no explanation to Mrs. Jones about the altered card.
>
> 13. The original altered CPR card for Ms. Ridge was thrown away by [Myers] so it could not be entered as evidence; a photo copy of the card is what was used during the hearing.

14. [Myers] admits the CPR card for Ms. Ridge was altered; however, she is in [sic] the belief that one of her day care children altered the card after they damaged the card while playing.

15. The altered CPR card did not appear to have any damage that was noticeable in the copy.

16. [Myers] admitted she knew she and her staff members needed to complete their training/certifications annually; however, she did not believe that meant one year from the exact date on their certifications.

17. [Myers] provided Mrs. Jones with a Certificate of Heartsaver Pediatric First Aid CPR AED Online Portion for Ms. Ridge dated April 24, 2017.

Appellant's Appendix Volume 2 at 34-35. The ALJ concluded that FSSA had sufficient grounds for revocation of Myers's license under Ind. Code § 12-17.2-5-32,[1] as "it is undisputed an altered CPR card with a false date concerning a child care staff member's training date was provided to the State agency," and "[t]his false statement is[] sufficient to support a revocation of a child care home license." *Id*. at 38. FSSA issued a notice of final agency action affirming the ALJ's decision.

[3] On September 20, 2017, Myers filed a verified petition for judicial review. On October 4, 2017, Myers filed a Motion to Extend Deadline to Submit Record stating that the record may in fact not be prepared within thirty days of the filing of the case and requesting that the time to file the record of proceedings in

---

[1] Ind. Code § 12-17.2-5-32 provides in part: "The following constitute sufficient grounds for revocation of a license: . . . (4) A determination by the division that the licensee made false statements in the records required by the division."

the matter be extended to thirty days after notice of completion by FSSA. On October 5, 2017, the court issued an order extending the deadline to file the record of proceedings to thirty days after the record was completed by FSSA. A letter from FSSA to Myers's counsel dated December 20, 2017, indicated that it was sent by certified mail and stated that a copy of the hearing record had been prepared and was enclosed. On February 7, 2018, Myers filed a brief in support of her petition for judicial review and a document containing the agency record.

[4] On March 15, 2018, FSSA filed a motion to dismiss Myers's petition for judicial review on the grounds that she failed to timely file the agency record. It filed a memorandum arguing the filing deadline was January 23, 2018, Myers failed to file the agency record by the deadline and instead elected to file it as an exhibit to the brief she submitted on February 7, 2018, and the filing requirement of the Indiana Administrative Orders and Procedures Act (the "AOPA") cannot be waived. On April 16, 2018, Myers filed a response arguing that the court had not entered a specific order regarding the deadline for filing the agency record, that the record was provided to her counsel in the mail at some point in late 2017 or early 2018, that no record in the chronological case summary states that a notice of completion had been filed by FSSA, and that she did electronically file the agency transcript separately from her brief. On June 4, 2018, FSSA filed a notice of supplemental evidence in support of its motion to dismiss stating that it had mailed Myers a copy of the agency record via certified mail on December 20, 2017; that a receptionist and legal assistant to Myers's counsel signed the return receipt certifying receipt of the record; that

the return receipt arrived back at FSSA on December 28, 2017; and that, therefore, Myers received the agency record sometime between December 20th and December 28, 2017. An exhibit attached to the notice contained a copy of a signed return receipt and a stamped date of December 28, 2017.

On July 2, 2018, the trial court issued an order which found that, "between the date of December 20, 2017, and not later than December 28, 2017, the FSSA prepared the subject agency record and delivered the same to counsel for [Myers]"; Myers "filed a copy of the agency record as an exhibit to [her] Brief filed with the Court on February 7, 2018"; the agency record "had to be filed not later than January 27, 2018, and no extension of time was filed"; and that Myers failed to satisfy the AOPA requirement, a condition precedent for its ability to hear or take action on her petition. *Id*. at 22-23. The court granted FSSA's motion to dismiss Myers's petition for judicial review. Myers filed a motion to correct error, which the court denied.

## *Discussion*

Myers claims the trial court erred in dismissing her petition for judicial review and argues that "factual issues are not necessarily in debate in this matter and that there is enough information contained in the original filing to consider the important legal question without review of the entire record of the administrative agency." Appellant's Brief at 9. She argues:

> The card that was the subject matter of the FSSA's decision does not represent a statement. . . . Even if it was made-up false, and not accurate, how do we know the origination of the document? It is not a document of Lois A. Myers. How do we define a false

statement?  A statement is something that someone says or writes officially by the accounts of most common dictionaries.  A statement is not a possession.

*Id*. at 9-10.  She argues the issues are substantially legal ones and the record provided with the petition was sufficient.  FSSA maintains the court properly dismissed Myers's petition because she did not timely file the agency record.  It argues this case relates to a falsified CPR card, the facts about the card are in dispute and confusing, and the agency record was necessary for the trial court to resolve the factual discrepancies.

[7]  The AOPA provides the exclusive means for judicial review of a final agency action.  *Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370 (Ind. 2010) (citing Ind. Code § 4-21.5-5-1).  Ind. Code § 4-21.5-5-5 requires that the aggrieved petitioner file a petition with the trial court within thirty days of service of the final agency action.  *Id*.  Ind. Code § 4-21.5-5-13 addresses the requirement to file the agency record and provides in part:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action . . . .
>
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. . . .  Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

"The statute places on the petitioner the responsibility to file the agency record timely." *Meyer*, 927 N.E.2d at 370. "Although the statute allows a petitioner to seek extensions of time from the trial court, and requires that extensions be granted if the petitioner demonstrates 'good cause' for a delay in filing the record, the statute does not excuse untimely filing or allow *nunc pro tunc* extensions." *Id*. "In short, the statute acknowledges possible difficulties in preparing and submitting the agency record, but places the burden on the petitioner to file or seek an extension within the statutory period or any extension." *Id*. at 371.

In *Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ*. ("*TOPS*"), the Indiana Supreme Court held:

> All four justices[2] in *Meyer* agreed that the trial court lacked authority to extend the filing deadline for an agency record that was not filed within the required statutory period or an authorized extension thereof. We reasoned:
>
> > The purpose of AOPA section 13 is to ensure that the review of agency action proceeds in an efficient and speedy manner, and that the reviewing trial court has access to the record before rendering its decision. . . . The filing requirement also ensures that no relevant evidence or materials are hidden, and no "new" or "secret" evidence is introduced to either contradict or support an agency decision.
>
> *Meyer*, 927 N.E.2d at 370 (internal quotation and citation omitted). This reasoning applies with equal force to a requirement that the official agency record must be filed with the trial court in order for

---

[2] Justice Sullivan did not participate in *Meyer*.

judicial review to proceed. In sum we hold a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed. In our view this bright-line approach best serves the goals of accuracy, efficiency, and judicial economy. Here because [the petitioner] did not file the agency record as anticipated by AOPA, the trial court properly dismissed its petition for judicial review.

20 N.E.3d 149, 155 (Ind. 2014) (footnote omitted). *See also First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757, 763 (Ind. 2014) (citing *TOPS* and holding, "[i]n this case [the petitioner] did not file the agency record with the trial court," "[t]herefore its petition for judicial review cannot be considered," and "[t]he trial court thus erred in failing to grant the . . . motion to dismiss the petition"), *amended on reh'g*, 27 N.E.3d 768 (Ind. 2015); *Carmel Bd. of Zoning Appeals v. Bidgood*, 120 N.E.3d 1045, 1050 (Ind. Ct. App. 2019) (observing that the Indiana Supreme Court "clearly established in an AOPA case a bright-line approach to the filing of an agency record," citing *TOPS* and *Robertson*); *Allen Cty. Plan Comm'n v. Olde Canal Place Ass'n*, 61 N.E.3d 1266, 1269-1270 (Ind. Ct. App. 2016) (recognizing the "bright-line rule" set forth in *TOPS* and *Robertson* that dismissal is mandatory when the agency record is not timely filed).

[10] Here, the trial court found that the agency record was delivered to Myers's counsel "between the date of December 20, 2017, and not later than December 28, 2017," that the agency record was required to be filed no later than January 27, 2018, that no extension of time was filed, and that Myers did not file the agency record until February 7, 2018. Appellant's Appendix Volume 2 at 22. There is support for the trial court's findings. The court's October 5, 2017 order

provided that the deadline for filing the agency record was thirty days after the record was completed by FSSA. Myers does not point to the record to show the court entered any further extension. The record contains a letter to Myers's counsel dated December 20, 2017, indicating that a copy of the hearing record was enclosed. FSSA submitted a supplemental notice indicating that it had mailed a copy of the agency record to Myers on December 20, 2017, and that the return receipt had arrived back at FSSA on December 28, 2017. The date thirty days after December 28, 2017, is January 27, 2018. Myers filed a document containing the agency record with the trial court on February 7, 2018. Myers has not shown that she met her burden of filing the agency record within the statutory period or an extension as contemplated by the AOPA.[3]

For the foregoing reasons, we affirm the dismissal of Myers's petition for judicial review.

Affirmed.

May, J., and Mathias, J., concur.

---

[3] In *TOPS*, the Indiana Supreme Court noted that, in *Meyer*, it had been evenly divided as to whether a petitioner's imperfect compliance with transmitting the agency record is always fatal. *See TOPS*, 20 N.E.3d at 153 (citing *Meyer*, 927 N.E.2d at 371-372). The Court then observed that, in *Meyer*, the contested issue was the existence of what was essentially an arithmetic error and, most importantly, that the State had conceded its error on the contested issue before it moved to dismiss for lack of a record, and the Court held that, "[s]o to the extent *Meyer* represents the possibility of an exception to the filing requirement . . . , any such exception is extremely narrow." *Id*. at 153-154. In this case, the alleged agency error is more than merely an arithmetic error, the agency has not conceded any error, and we cannot say that Myers has established that under these circumstances the agency record is unnecessary to the issues presented on judicial review or that her petition falls into any "extremely narrow" exception to the general bright-line rule. *See id*.