# FOR PUBLICATION



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**MARIO GARCIA**
**CHRISTOPHER H. WEINTRAUT**
Brattain & Minnix
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
AND CROSS-APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JESSE BROWN,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant-Petitioner,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 41A01-1209-PL-404
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF INDIANA⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DEPARTMENT OF CHILD SERVICES,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee-Respondent.⠀⠀⠀⠀⠀⠀⠀)

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Kevin M. Barton, Judge
Cause No. 41D01-1008-PL-48

**May 29, 2013**

**OPINION** - **FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The Indiana Department of Child Services (DCS) substantiated an abuse allegation against foster parent Jesse Brown. Brown appealed. The administrative law judge (ALJ) held a hearing at which Brown was not allowed to be in the hearing room during the victim's testimony because of distress to the victim. The ALJ then entered findings of fact and conclusions of law that DCS had proved that Brown abused the child. Brown lost his child-care license.

Brown filed a verified petition for judicial review in the trial court, attaching the ALJ's findings and conclusions. DCS then filed a motion to dismiss Brown's petition for judicial review, arguing that Brown failed to file the agency record timely or request an extension of time to file the agency record and therefore the trial court lacked jurisdiction to rule on Brown's petition. The trial court granted the motion to dismiss in part, and the case proceeded to the merits on the remaining claims, including whether Brown's constitutional rights were violated when he was banned from the hearing room during the victim's testimony. The trial court affirmed the ALJ but ordered DCS to reimburse Brown $1200 for the cost of preparing the agency record. Brown appeals, and DCS cross-appeals.

We recognize that there is no consensus on either the Indiana Supreme Court or this Court regarding what should happen when a petitioner fails to submit the agency record timely but the documents filed with the petition for review may be sufficient for the trial court to adjudicate the claims raised in the petition. However, it is clear that if the court needs the agency record to resolve an issue, then the petitioner's failure to file

2

the agency record or request an extension of time to file the record within thirty days after filing the petition for review means that the case must be dismissed. Because Brown's constitutional claim is one that requires the agency record, we reverse the trial court's denial of DCS's motion to dismiss. In addition, because the petitioner bears the burden of filing the agency record timely and the petitioner is entitled to an extension to file the agency record due to the inability to obtain the record from the agency, we conclude that the trial court erred in ordering DCS to reimburse Brown $1200 for the cost of preparing the agency record.

## Facts and Procedural History

Brown was a child-care worker/resource parent with DCS and served as a foster parent. Q.F., a ward of DCS born November 2, 1995, was placed with Brown as a pre-adoptive placement in April 2009. In December 2009, a few months before Q.F.'s adoption by Brown was to be finalized, Q.F. told his Family Case Manager (FCM) Jessica Archer that Brown abused him by touching his penis over his shorts on a camping trip to Brown County and then later under his shorts at their Johnson County home. Q.F. was taken to the Child Advocacy Center in Johnson County, where he was interviewed by FCM Wendy Maschino. Q.F. was also interviewed at the Greenwood Police Department.[1] Based on the above evidence, FCM Charity Anderson recommended that the abuse allegations against Brown be substantiated.

---

[1] According to Brown, criminal charges were never filed against him.

Because of Brown's status as a child-care worker/resource parent, DCS conducted an agency review of FCM Anderson's recommendation. Brown participated in this review. DCS substantiated the abuse allegation against Brown.

Brown appealed. Hearings were held before ALJ Dawn Wilson on April 22 and June 22, 2010. At the June 22 hearing, Brown appeared in person and by counsel. DCS appeared by FCM Anderson and by counsel. Q.F. was a witness. According to the ALJ's findings, both parties stipulated that Q.F. refused to talk or testify with Brown in the same room. Appellant's App. p. 19 (Finding No. 10). DCS's counsel said, "DCS would ask that it only be counsel and Judge in the room during [Q.F.'s] testimony." Appellee's App. p. 57. Over Brown's objection, Brown was not in the hearing room during Q.F.'s testimony. Appellant's App. p. 22 (Finding No. 16). Also according to the ALJ's findings, Brown appeared and participated through his counsel, who cross-examined Q.F., and Brown's counsel was given the opportunity to leave the room to communicate with Brown on multiple occasions. *Id.* Brown testified and denied the allegations.

On July 14, 2010, the ALJ issued a Notice of Hearing Decision which concluded that DCS had proved, by a preponderance of the evidence, that Brown abused Q.F. when he was under the age of fourteen. In the order, the ALJ provided that she "reviewed the testimony and all evidence presented at the hearing[] regarding this matter." *Id.* at 17. As for Q.F.'s testimony, the ALJ found:

> QF testified at the administrative hearing. Preliminary questioning of the child occurred. QF was visibly distressed when the possibility of questioning by [Mr. Brown] was discussed. In order to receive the most credible and reliable information possible, Mr. Brown, over counsel's

4

objection, was not in the hearing room in person during the testimony of this witness. Mr. Brown did appear and participate through counsel, Mario Garcia[,] in questioning the witness through both direct and cross examination. [Mr. Brown]'s counsel was given the opportunity to leave the room to communicate with [Mr. Brown] on multiple occasions. QF credibly testified to the following . . . .

*Id.* at 21-22. As a result of the ALJ's decision, Brown's child-care license was revoked.

On August 10, 2010, Brown filed a verified petition for judicial review of DCS's final order in Johnson Superior Court. Appellee's App. p. 1. He attached the ALJ's Notice of Hearing Decision to his petition and challenged DCS's actions as "invalid" for numerous reasons. *See id.* at 2-3. On October 4, 2010, DCS filed a motion to dismiss Brown's petition for judicial review, arguing that Brown had failed to file the agency record timely or request an extension of time to file the agency record and therefore the trial court lacked jurisdiction to rule on Brown's petition. *Id.* at 15, 19. Brown filed a response in which he explained that he had submitted a written request to DCS for it to "prepare and certify a true, accurate and complete copy of the entire Agency Record" on August 10, 2010, which was the same day that he filed his petition for judicial review. *Id.* at 35. DCS had then replied by letter dated August 24, 2010, that Circle City Reporting was DCS's vendor and to "allow at least ninety (90) days for the completion of the requested transcript and related documents." *Id.* at 36.

According to the Indiana Administrative Orders and Procedures Act (AOPA), the agency record, or a motion for extension of time to file the record, would have been due no later than September 9, 2010. *See* Ind. Code § 4-21.5-5-13(a) (requiring agency record to be filed within thirty days after the filing of the petition for judicial review). But Brown never filed a motion for extension of time to file the agency record. Instead,

5

Brown filed the agency record on November 8, 2010. Appellant's App. p. 3 (CCS); Appellee's App. p. 40 (Notice of Filing Agency Record). Brown paid Circle City Reporting $1200 for the cost of preparing the transcript. Appellee's App. p. 37.

The trial court entered an order that granted in part and denied in part DCS's motion to dismiss Brown's petition for judicial review in January 2011. The court concluded as follows:

A. Based upon the untimely filing of the Record, the Record is not available to the Court for review.

B. [Brown] did timely file the Notice of Hearing Decision. Accordingly, those issues subject to determination solely by the Notice of Hearing Decision are properly before the Court for review.

C. The Court does possess jurisdiction. [DCS]'s Motion to Dismiss the Plaintiff's entire Verified Petition for Judicial Review of a Final Agency Adjudication is denied.

D. The Court identifies issues that may be properly considered on the basis of the Notice of Hearing Decision, to wit [Brown]'s assertion of the following matters:

1). "(t)The [sic] ALJ denied Brown the opportunity to confront his accuser in violation of his state and federal constitutional rights and in contravention of DCS's own policy and procedures";

2). "the ALJ impermissibly barred Brown from the Administrative Appeal hearing during his accuser's testimony"; and

3). "(t)he Decision was issued outside of the time limit for doing so and thus was untimely."

As to such issues, [DCS]'s motion is denied.

E. Certain issues cannot be determined without the full agency record. Those issues include [Brown]'s assertions as follows:

6

"(a) The Decision and agency action was arbitrary, capricious, the Administrative Law Judge abused her discretion and the Decision was not in accordance with law; and

. . .

(c) The Decision and agency action is unsupported by substantial evidence."

As to such issues, [DCS]'s Motion to Dismiss is granted.

*Id.* at 44-45. The court's order ended with the following statement and sanctions against DCS:

11. It is unconscionable that [DCS] can make no effort to comply with the statutory time frame for preparation of the record, charge [Brown] for the preparation of the record, deliver the record outside of the period for submission of the record while knowing that the record is of no value to [Brown] and retain the benefit of the funds expended by [Brown] for the preparation of the record. The Court orders that [DCS] refund to [Brown] all amounts expended by [Brown] to procure the record of the proceedings. [DCS] is further to assume full responsibility for any outstanding balance for preparation of the record that is owed to the agency that it engaged to prepare the record, to-wit: Circle City Reporting.

*Id.* at 45.

DCS filed a motion to reconsider portions of the trial court's motion-to-dismiss order. Brown filed an objection to DCS's motion to consider and his own motion to reconsider. The trial court denied both motions to reconsider.

The case then proceeded to the merits. Based on the trial court's motion-to-dismiss order that significantly narrowed the issues in the case, Brown argued that his constitutional rights were violated when he was barred from the hearing room during Q.F.'s testimony and that the ALJ's decision was untimely. In March 2012, the trial court issued its Order on Petition for Judicial Review affirming the decision of the ALJ. The order provides, in relevant part:

7

9. The record is not available from which to assess the findings of the Administrative Law Judge.

10. The right to be present at a hearing is not absolute but may be abridged due to extraordinary circumstances. Here, the findings of the Administrative Law Judge show that the Administrative Law Judge deemed that extraordinary circumstances were present in that a witness would not testify, but the Administrative Law Judge acted to permit [Brown] the opportunity to interact with counsel and to be able to cross-examine the witness.

11. In the absence of the record, the Court is unable to say that the determination of extraordinary circumstances by the Administrative Law Judge was not appropriate or that the Administrative Law Judge did not take adequate other steps so as to permit [Brown] the opportunity to consult with counsel and to cross-examine the witness.

12. As to the second issue, [Brown] asserts that the decision of the Administrative Law Judge is void for failure to be issued within fifteen (15) days of hearing. The hearing was conducted on June 22, 2010, and the decision was issued on July 14, 2010. [Brown] refers to DCS's Child Welfare Manual, Ch. 2, Section 5, Ver. 2, pg. 3 to support his contention.

13. Based upon reference to the record, [DCS] asserts that the parties agreed to an extension of time for ruling until after submission of written arguments at [Brown's] request. . . .

14. Indiana Code 4-21.5-3-27(g):

"An order under this section shall be issued in writing within ninety (90) days after conclusion of the hearing or after submission of proposed findings in accordance with subsection (f), unless this period if waived or extended with the written consent of all parties or for good cause shown."

15. The decision by the Administrative Law Judge was timely entered.

16. As to those issues subject to consideration without record, the Court does not find a basis to reverse the decision of the Administrative Law Judge. The decision of the Administrative Law Judge is affirmed.

Appellant's App. p. 10-11.

Brown filed a motion to correct errors arguing that Indiana Code section 4-21.5-3-27(g) did not apply to DCS and urged the trial court to refer to DCS's Child Welfare Manual, which provides that an ALJ decision must be issued within fifteen days after a hearing concerning a child-care worker. The State opposed Brown's motion to correct errors. A hearing on Brown's motion to correct errors was held. Brown then filed post-hearing legal authority asking the trial court to take judicial notice of DCS's manual. *Id.* at 27-28.

The trial court granted Brown's motion to correct errors with regard to the inapplicability of Indiana Code section 4-21.5-3-27(g). But as for the appropriate time frame, the trial court found that DCS's manual did not have the force and effect of law and that "a time period for ruling by the Administrative Law Judge is not set out by statute or by administrative rule." *Id.* at 16. The trial court therefore affirmed the ALJ's decision. *Id.*

Brown appeals, and DCS cross-appeals.

**Discussion and Decision**

Brown contends that the trial court erred by finding that his constitutional rights were not violated when he was barred from the hearing room during Q.F.'s testimony.[2] DCS counters that the trial court erred by denying its motion to dismiss this claim based on Brown's failure to file the agency record timely or to file a motion for extension of

---

[2] Brown also argues that the trial court erred by not taking judicial notice of DCS's manual (which provides that an ALJ decision must be issued within fifteen days after a hearing concerning a child-care worker) and by finding that the ALJ's decision was timely. In light of our decision that the trial court did not have jurisdiction in this case, these issues are moot. Regardless, the record shows that both parties agreed to hold the record open for ten days following the hearing and that the ALJ issued her decision within fifteen days of that date. Brown therefore suffered no prejudice.

9

time to file the agency record.  DCS also argues that the trial court improperly ordered it to reimburse Brown $1200 for the cost of preparing the agency record.

Judicial review of administrative decisions is governed by AOPA.  Ind. Code § 4-21.5-2-0.1.  The standard of appellate review for motions to dismiss depends on whether the trial court resolved disputed facts, and if so, whether there was an evidentiary hearing. *Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29*, 847 N.E.2d 924, 926 (Ind. 2006). Where, as here, the trial court ruled on a paper record, we review the motion to dismiss de novo.[3] *Id.*

## I. What is the Consequence of Brown's Failure to File the Agency Record Timely?

The issue here centers on Brown's failure to, within thirty days of filing his petition for review, either file the agency record or a motion for extension of time to file the record.  AOPA requires that "[w]ithin thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action . . . ."  I.C. § 4-21.5-5-13(a).[4]  This statute places on the petitioner the responsibility to file the agency record timely. *Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370 (Ind. 2010).  A petitioner can request an extension of time to file the agency record, but that request must be made within the initial thirty-day window; nunc pro tunc extensions are not allowed. *Id.* at 370-71.  AOPA further provides that

---

[3] Both parties agree that our review is de novo. *See* Appellant's Reply Br. p. 7; Appellee's Br. p. 11.

[4] Indiana Code sections 4-21.5-5-13(a) and 4-21.5-3-33(b) set forth the required contents of the agency record. *See Ind. Family & Soc. Servs. Admin. v. Meyer*, 927 N.E.2d 367, 373 (Ind. 2010) (Shepard, C.J., concurring and dissenting).

10

extensions of time shall be granted where good cause is shown, and an "[i]nability to obtain the record from the responsible agency within the time permitted by this section is good cause." I.C. § 4-21.5-5-13(b). "Upon written request by the petitioner, the agency taking the action being reviewed shall prepare the agency record for the petitioner." I.C. § 4-21.5-5-13(c). "Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is *cause for dismissal* of the petition for review by the court, on its own motion, or on the petition of any party of record to the proceeding." I.C. § 4-21.5-5-13(b) (emphasis added).

It is undisputed that Brown neither filed the agency record within thirty days nor requested an extension of time within that time period. Failure to do so was "cause for dismissal" pursuant to Section 4-21.5-5-13(b). Brown argues that despite his failures, the document he attached to his petition for review—the Notice of Hearing Decision which contains the ALJ's findings of fact and conclusions of law—contains sufficient information to enable judicial review; therefore, the trial court properly denied DCS's motion to dismiss the claim that his constitutional rights were violated when he was excluded from the hearing room during Q.F.'s testimony. DCS, however, argues that the trial court should have dismissed the remaining claim because it needed the agency record to review it.

There is a division in both the Indiana Supreme Court and this Court as to what should happen when a petitioner fails to submit the agency record timely, but the documents filed with the petition for review may be sufficient for the trial court to adjudicate the claims raised in the petition for review.

11

Our Supreme Court was recently equally divided in *Meyer* on this very issue.[5]  In

*Meyer*, the appealed issue was a question of fact revolving around the valuation of a farm

as it related to Alice Meyer's application for Medicaid.  FSSA admitted to error in its

answer.  Two of the participating justices determined that, in light of the agency's

admission, the submitted documents were sufficient for review even without the full

agency record.  *Meyer*, 927 N.E.2d at 372.  The other two participating justices disagreed,

arguing that an agency record is required for judicial review and holding otherwise would

lead to a "slippery slope, setting in motion regular satellite litigation . . . in which private

citizens and the taxpayers will spend time and money contesting whether a record is

'complete enough.'"  *Id.* at 374 (Shepard, C.J., concurring and dissenting).

Because the Court was "equally divided as to whether a case may go forward

where a full record of proceedings has not been filed[,] [t]he result in the Court of

Appeals therefore remain[ed] in place and the trial court's order remanding th[e] case to

FSSA [wa]s affirmed."  *Id.* at 372.

More recently, this Court, in a 2-1 opinion, encountered this issue in *Lebamoff*

*Enterprises, Inc. v. Indiana Alcohol & Tobacco Commission*, 2013 WL 1786002, ---

N.E.2d --- (Ind. Ct. App. Apr. 26, 2013).  Lebamoff Enterprises operates liquor stores in

northern Indiana and holds a liquor-dealer permit.  The Indiana Alcohol and Tobacco

Commission (ATC) issued citations to Lebamoff stemming from Lebamoff's use of

common carriers to transport product to customers, and Lebamoff appealed.  The ALJ

issued findings of fact and conclusions of law that Lebamoff had violated the governing

---

[5] Justice Sullivan did not participate in the decision, and the remaining justices were evenly split.

12

statute by using common carriers. The ALJ recommended a fine of $1000 per violation and that Lebamoff's permit be suspended for sixty days, with the suspension deferred on the condition that all fines were paid and no further violations were accrued. The ATC approved the ALJ's recommendations.

Lebamoff filed a petition for judicial review, but it did not file the agency record timely. ATC filed a motion to dismiss for failure to file the agency record. Following a hearing, the trial court granted the ATC's motion to dismiss. Lebamoff appealed.

On appeal, the majority[6] acknowledged that dismissal was "possible" due to Lebamoff's failure to file the agency record timely or request an extension of time; however, the majority cautioned that "dismissal was not mandatory." *Id.* at *3. The majority pointed to the split court in *Meyer* "on the issue of whether a trial court may proceed with a case where the agency record was not timely filed, but the submitted materials contained sufficient facts on which a determination could be made." *Id.* at *4. The majority distinguished this case from *Meyer*, finding that the issue in this case— whether Lebamoff's use of common carriers complied with the governing statute—was a pure question of law. *Id.* And to the extent that any facts were necessary, "they were included in the sparse findings of fact and conclusions of law written by the ALJ, which were submitted by Lebamoff with its petition; for example, the findings of fact noted that Lebamoff held a liquor permit, and the statutory section under which that permit was held." *Id.* Because the question in *Lebamoff* presented a question of law and there were no disputed facts, the majority found that "the limited findings of the ALJ were sufficient

---

[6] The author of this opinion was a member of the majority in *Lebamoff*.

to allow judicial review of the issue, even in the absence of the agency record." *Id.* The

majority concluded:

> The best practice is to timely file the entire agency record regardless of the
> nature of the case. However, here, the record simply was not necessary for
> review, and the submitted materials are sufficient to permit review of the
> case on the merits. Failure to timely file the record is "cause for dismissal"
> under Indiana Code section 4-21.5-5-13, but cause for dismissal does not
> mean that the case must be dismissed, especially where, as here, the record
> was not required for a ruling. For that reason, we reverse and remand the
> case for resolution on the merits.

*Id.*

> Judge Kirsch dissented. He argued:

> The mandates of the Administrative Orders and Procedures Act as adopted
> by our General Assembly are clear. The Appellant simply failed to follow
> them. It failed to file the agency record within the time period set forth in
> the Act, and it failed to seek an extension of that time. That failure was
> cause for dismissal, and accordingly, I would affirm the trial court's
> dismissal.

*Id.* at *5 (Kirsch, J., dissenting).

Although there is no consensus on either appellate court right now, one thing is

certain: if the court needs the agency record to resolve an issue, then the petitioner's

failure to file the agency record or request an extension of time to file the record within

thirty days after filing the petition for review means that the case must be dismissed. The

question in this case becomes: was the agency record needed to review Brown's claim

that his constitutional rights were violated when he was not allowed in the hearing room

during Q.F.'s testimony? Brown says no; DCS says yes. We agree with DCS.

Our Supreme Court addressed a party's right to be present during the liability

and damage phase of trial under Article 1, Section 20 of the Indiana Constitution in

14

*Jordan v. Deery*, 778 N.E.2d 1264 (Ind. 2002), *reh'g denied*. The Court concluded that because the right to be present in the courtroom during both the liability and damage phases of trial is so basic and fundamental, a party cannot be excluded "absent waiver or extreme circumstances." *Id.* at 1272.

> Here, the ALJ found extraordinary circumstances as follows:
>
> QF testified at the administrative hearing. Preliminary questioning of the child occurred. QF was visibly distressed when the possibility of questioning by [Mr. Brown] was discussed. In order to receive the most credible and reliable information possible, Mr. Brown, over counsel's objection, was not in the hearing room in person during the testimony of this witness. Mr. Brown did appear and participate through counsel, Mario Garcia[,] in questioning the witness through both direct and cross examination. [Mr. Brown]'s counsel was given the opportunity to leave the room to communicate with [Mr. Brown] on multiple occasions. QF credibly testified to the following . . . .

Appellant's App. p. 21-22 (Finding No. 16).

Although the trial court found that the record was not available from which to assess the ALJ's findings, the court determined:

> 10. The right to be present at a hearing is not absolute but may be abridged due to extraordinary circumstances. Here, the findings of the Administrative Law Judge show that the Administrative Law Judge deemed that extraordinary circumstances were present in that a witness would not testify, but the Administrative Law Judge acted to permit [Brown] the opportunity to interact with counsel and to be able to cross-examine the witness.
>
> 11. In the absence of the record, the Court is unable to say that the determination of extraordinary circumstances by the Administrative Law Judge was not appropriate or that the Administrative Law Judge did not take adequate other steps so as to permit [Brown] the opportunity to consult with counsel and to cross-examine the witness.

*Id.* at 11. Without the agency record, there can be no judicial review of whether extraordinary circumstances existed that justified Brown's exclusion from the hearing

room during Q.F.'s testimony. This is especially so since the ALJ indicated in her order that she relied on the testimony and all evidence presented at the hearing to reach her decision. In contrast to *Lebamoff*, which involved a pure question of law and no disputed facts, a determination of extraordinary circumstances is extremely fact sensitive. Despite the divide on the appellate courts, we do not need to decide whether failing to submit the agency record timely should result in dismissal of a case because here the record was needed. Because the agency record is needed to review this issue and Brown failed to file the agency record or request an extension of time to file the record within thirty days after filing the petition for review, we conclude that the trial court erred in denying DCS's motion to dismiss the remaining claim. Accordingly, the trial court lacked jurisdiction. *See Wrogeman v. Roob*, 877 N.E.2d 219, 222 (Ind. Ct. App. 2007), *trans. denied*; *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 813 N.E.2d 330, 333 (Ind. Ct. App. 2004) ("It is well-established that the time provisions of I[ndiana] C[ode section] 4-21.5-5-13 are . . . a condition precedent to a court acquiring to consider a petition for judicial review." (quotation omitted)).

**II. Should DCS Reimburse Brown for the Cost of the Agency Record?**

DCS contends that the trial court erred in ordering it to reimburse Brown $1200 for the cost of preparing the agency record. In its order granting in part and denying in part DCS's motion to dismiss Brown's petition for judicial review, the trial court ordered as follows:

> 11. It is unconscionable that [DCS] can make no effort to comply with the statutory time frame for preparation of the record, charge [Brown] for the preparation of the record, deliver the record outside of the period for submission of the record while knowing that the record is of no value to

16

[Brown] and retain the benefit of the funds expended by [Brown] for the preparation of the record. The Court orders that [DCS] refund to [Brown] all amounts expended by [Brown] to procure the record of the proceedings. [DCS] is further to assume full responsibility for any outstanding balance for preparation of the record that is owed to the agency that it engaged to prepare the record, to-wit: Circle City Reporting.

Appellee's App. p. 45. Earlier in the same order, the trial court stated that "[t]here is a manifest injustice in placing in [the] hands of an adverse party the responsibility for time preparation of a record of the proceedings with the possibility of dismissal in favor of the adverse party if not time prepared." *Id.* at 43.

We agree with DCS that the trial court erred in ordering it to reimburse Brown $1200 for the cost of preparing the transcript. This is because the legislature contemplated the possibility that an agency might not be able to prepare a record in time for filing within thirty days after the filing of a petition for judicial review. Accordingly, the legislature allowed petitioners to request an extension of time to file the record, which shall be granted where good cause is shown. Notably, the inability to obtain the record from the agency within the thirty days is good cause. I.C. § 4-21.5-5-13(b).

Here, the record shows that after Brown requested the agency record, DCS immediately informed him that it needed ninety days to compile it. Brown did not seek an extension. The burden is on the petitioner—Brown—to file the agency record timely *or* to file an extension within that time period. *Meyer*, 927 N.E.2d at 370; *Lebamoff*, 2013 WL 1786002 at *2. There is no evidence that DCS was being "intentionally slow" or "uncooperative" in producing the record in hopes of securing a dismissal.[7] *See Mosco*

---

[7] Brown argues that his counsel, through conversations with opposing counsel, "was left with the impression . . . that the time limitations under AOPA would not be an issue." Appellant's Reply Br. p. 14. Having "an impression" is not sufficient.

17

*v. Ind. Dep't of Child Servs.*, 916 N.E.2d 731, 735 (Ind. Ct. App. 2009), *reh'g denied*, *trans. denied*. Moreover, AOPA provides that "the agency shall charge the petitioner with the reasonable cost of preparing any necessary copies and transcripts for transmittal to the court . . . ." I.C. § 4-21.5-5-13(d).

Despite complaints about the statutory setup of having the agency prepare the record when the petition for review can be dismissed for failing to file the record timely, the legislature has provided a simple solution that allows petitioners to seek an extension to file the agency record, which "shall be granted" if based on the inability to obtain the record from the agency. We therefore reverse paragraph 11 of the trial court's January 2011 Order on Defendant's Motion to Dismiss that directed DCS to reimburse Brown $1200 for the cost of preparing the agency record.

Reversed.

KIRSCH, J., and PYLE, J., concur.