**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**DAVID E. DEARING**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**DAVID L. STEINER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TEACHING OUR POSTERITY SUCCESS, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1308-PL-386 |
| | ) | |
| INDIANA DEPARTMENT OF EDUCATION and | ) | |
| INDIANA STATE BOARD OF EDUCATION, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No. 49D04-1212-PL-47002

**February 14, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Teaching Our Posterity Success, Inc., ("TOPS") appeals the trial court's dismissal of its petition for judicial review challenging a decision by the Indiana Department of Education and Indiana State Board of Education (collectively "the DOE"). We reverse and remand.

**Issue**

The issue before us is whether the trial court properly dismissed TOPS's petition for judicial review because of TOPS's failure to file the agency record with the trial court.

**Facts**

In June 2011, the DOE approved TOPS as a Supplemental Educational Services ("SES") provider of academic assistance to eligible schools under the federal Elementary and Secondary Education Act of 1965 and the No Child Left Behind Act of 2001. In July 2012, the DOE removed TOPS from its list of approved SES providers. TOPS appealed this determination within the DOE, which appointed a panel of staff members to review the appeal. On November 7, 2012, the DOE sent a letter to TOPS's director stating in part, "the panel reviewed the request for appeal and all applicable documentation. Based on its review, the panel determined that TOPS failed to submit sufficient evidence to overturn the initial removal decision. As such, TOPS will remain removed from Indiana's SES Provider List." App. p. 14. The letter does not contain any factual findings regarding this decision, nor does it reference any other document that would contain such findings.

On December 7, 2012, TOPS filed a verified petition for judicial review of the DOE's decision. The petition included a copy of the November 7, 2012 letter. TOPS

asserted in its petition that the DOE's decision "is arbitrary, capricious, an abuse of discretion and otherwise not in accordance in law because it fails to address any of the arguments made by TOPS in support of its appeal and makes no specific findings." Id. at 12. TOPS also alleged that the DOE decision "is not supported by substantial evidence because it cites no supporting evidence." Id.

TOPS never submitted any additional materials in support of its petition for judicial review, aside from a declaration from its director that it later withdrew. On January 29, 2013, TOPS filed a motion for summary judgment, arguing in part that the DOE's final decision withdrawing it from the SES list lacked necessary findings of fact. The DOE in turn filed a motion to dismiss TOPS's petition for judicial review because of its failure to timely file the complete agency record with the trial court. The DOE never asserted in its filings that the November 7, 2012 letter was not a final agency decision; in fact, the DOE referred to the letter as "the final agency decision" and faulted TOPS for only providing that decision to the trial court for review. Id. at 50.

The trial court conducted a hearing on May 29, 2013. Again, at no time did the DOE claim that the November 7, 2012 letter was not a final agency decision. On July 11, 2013, the trial court issued an order dismissing TOPS's petition for judicial review because of its failure to file the agency record. TOPS now appeals.

**Analysis**

"We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record." Indiana Family & Soc. Servs. Admin. v. Meyer, 927 N.E.2d 367, 370 (Ind. 2010). The Indiana Administrative

3

Orders and Procedures Act ("AOPA") provides the exclusive means for judicial review of a final agency action. Id. Indiana Code Section 4-21.5-5-13 provides in part:

> (a) Within thirty (30) days after the filing of the petition, or within further time allowed by the court or by other law, the petitioner shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action, consisting of:
>
> > (1) any agency documents expressing the agency action;
> >
> > (2) other documents identified by the agency as having been considered by it before its action and used as a basis for its action; and
> >
> > (3) any other material described in this article as the agency record for the type of agency action at issue, subject to this section.
>
> (b) An extension of time in which to file the record shall be granted by the court for good cause shown. Inability to obtain the record from the responsible agency within the time permitted by this section is good cause. Failure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court, on its own motion, or on petition of any party of record to the proceeding.

Under this statute, the burden is on a petitioner seeking judicial review of agency action to timely file the agency record. Meyer, 927 N.E.2d at 370-71.

It is undisputed that TOPS did not timely file the agency record. There currently is a split of authority as to the effect this failure should have on TOPS's petition for judicial review. In Meyer, Justice Boehm, joined by Justice Rucker, stated, "imperfect compliance with the filing requirement is not always fatal. A petition for review may be accepted if the materials submitted provide the trial court with 'all that is necessary . . . to accurately

4

assess the challenged agency action.'" Id. at 371 (quoting Izaak Walton League of America, Inc. v. DeKalb County Surveyor's Office, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006), trans. denied, and citing Reedus v. Indiana Dep't of Workforce Dev., 900 N.E.2d 481, 487 (Ind. Ct. App. 2009); MicroVote General Corp. v. Office of the Secretary of State, 890 N.E.2d 21, 26-27 (Ind. Ct. App. 2008), trans. denied). Justices Boehm and Rucker believed that the documents attached to the petition for judicial review—including the agency's notice of final action—together with the agency's answer to the petition, "were sufficient to decide the principal issue presented for judicial review." Id. By contrast, Chief Justice Shepard, joined by Justice Dickson, believed it was necessary to dismiss a petition for judicial review when a petitioner fails to file a complete, certified agency record. Id. at 372-73 (citing Indiana State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp., 813 N.E.2d 330 (Ind. Ct. App. 2004)). Justice Sullivan did not participate in Meyer, leaving an evenly divided court.

Our supreme court recently has granted transfer in two cases that again present this issue. See Brown v. Indiana Dep't of Child Servs., 993 N.E.2d 194 (Ind. Ct. App. 2013); First American Title Ins. Co. v. Robertson ex rel. Indiana Dep't of Ins., 990 N.E.2d 9 (Ind. Ct. App. 2013). It is possible that our currently-constituted supreme court may definitively resolve this issue one way or the other. In the meantime, it continues to be the belief of this panel that, although "the best practice is to timely file the entire agency record regardless of the nature of the case," where the record is "not necessary for review, and the submitted materials are sufficient to permit review of the case on the merits," then dismissal

5

of a petition for judicial review is not warranted. <u>Lebamoff Enter., Inc. v. Indiana Alcohol & Tobacco Comm'n</u>, 987 N.E.2d 525, 530 (Ind. Ct. App. 2013).[1]

To determine whether TOPS presented sufficient documentation to the trial court to permit it to rule upon the petition for judicial review, we begin by noting that a party is entitled to judicial relief from an agency action that is:

> (1)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2)     contrary to constitutional right, power, privilege, or immunity;
>
> (3)     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (4)     without observance of procedure required by law; or
>
> (5)     unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d). In TOPS's petition for judicial review, it asserted that the DOE's final order, embodied in the November 7, 2012 letter, was "arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law because it fails to address any of the arguments made by TOPS in support of its appeal and makes no specific findings" and that the order "is not supported by substantial evidence because it cites no supporting evidence." App. p. 12. It is possible that TOPS's complaints regarding the order's complete lack of findings might be better characterized as a failure to observe "procedure required by law . . . ." <u>See</u> I.C. § 4-21.5-5-14(d)(4). Regardless of how the

---

[1] The Alcohol and Tobacco Commission attempted to file a petition to transfer in <u>Lebamoff</u>, but it was untimely.

6

issue was framed, however, TOPS has consistently maintained in its filings and arguments before the trial court and this court that the order was defective for failing to contain any findings.

It is abundantly clear that "[u]nder AOPA, a final order by an administrative agency must present written findings of fact, including 'findings of ultimate fact . . . accompanied by a concise statement of the underlying basic facts of record to support the findings' as well as 'conclusions of law for all aspects of the order.'" Pack v. Indiana Family & Soc. Servs. Admin., 935 N.E.2d 1218, 1222 (Ind. Ct. App. 2010) (quoting I.C. § 4-21.5-3-27(b) & (c)). Such findings serve a variety of purposes, including "'facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.'" Id. (quoting Perez v. U.S. Steel Corp., 426 N.E.2d 29, 31 (Ind. 1981)). In other words, the statutory requirement for written findings and conclusions helps preserve the due process rights of those affected by the actions of administrative agencies. Id. "Properly drafted orders lead to prompt judicial review, fewer reversals and remands, more efficiency, and better use of the resources afforded to the government by the public." Id. at 1224.

The DOE makes no argument that it was somehow exempt from not issuing a final order in TOPS's case that contained written findings and conclusions or that the November 7, 2012 letter somehow fulfilled that statutory requirement. The DOE instead refers to the November 7, 2012 letter as a "purported" order and also states, "we do not know if the letter . . . is even genuine, let alone a final agency order," and also that another document

7

could exist somewhere that provided the necessary findings and conclusions. Appellee's Br. pp. 13, 15-16. The DOE's argument seems to suggest either of the following: that counsel for TOPS, an officer of the court, knowingly filed a verified petition for judicial review, under penalties for perjury, falsely identifying the letter as DOE's final agency action, or the DOE has somewhere hidden away in its records a document that lists its findings and conclusions regarding TOPS but never provided it to TOPS.

Neither option is palatable and we decline to entertain them, particularly given that the DOE did not make any such arguments regarding the letter before the trial court. Indeed, the DOE acknowledged before the trial court that the letter as attached to TOPS's petition for judicial review was "the final agency decision" and gave no indication that another such decision existed. App. p. 50 (emphasis added). An agency cannot make an argument on appeal that it did not present to the trial court. See Izaak Walton League, 850 N.E.2d at 962.

Thus, in the present case, we are faced with a final agency order that is defective on its face for lacking any statutorily-mandated findings of fact and conclusions of law, as consistently argued by TOPS. Although the better practice would be to timely file the agency record, we conclude that it was not necessary here, where the order was facially defective. The trial court erred in dismissing TOPS's petition for judicial review.

TOPS also argues that, because of the DOE order's lack of findings, it should be set aside. We disagree with TOPS on this point. In cases where an agency has failed to enter sufficient findings and conclusions with its final order, the proper procedure is to remand to the agency to provide it the opportunity to make the necessary findings. See Pack, 935

8

N.E.2d at 1227-28; Stokely-Van Camp, Inc. v. State Bd. of Tax Comm'rs, 182 Ind. App. 91, 94, 394 N.E.2d 209, 211 (1979). We therefore direct that this case be remanded to the DOE to make the necessary findings and conclusions related to TOPS's removal from the list of approved SES providers.

## Conclusion

We reverse the dismissal of TOPS's petition for judicial review and direct that this case be remanded to the DOE for the entry of statutorily-mandated findings and conclusions to accompany its final order regarding TOPS.

Reversed and remanded.

ROBB, J., and BROWN, J., concur.